**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE VERRICA PHARMACEUTICALS INC. SHAREHOLDER DERIVATIVE LITIGATION | Master Case No. 2:24-cv-05561-KNS **CONSOLIDATED** |
| This Document Relates to: ALL ACTIONS | |

**STIPULATION AND ORDER RENEWING AND CONTINUING STAY OF <u>CONSOLIDATED</u> <u>DERIVATIVE ACTION</u>**

This stipulation is entered by and between Plaintiffs Ivan S. Cohen ("Cohen") and Paul Cannon ("Cannon") (together, "Plaintiffs"), Defendants Paul B. Manning, Ted White ("White"), Craig Ballaron, Lawrence Eichenfield, Diem Nguyen, Mark Prygocki, and Sean Stalfort (collectively, "Individual Defendants"), and Nominal Defendant Verrica Pharmaceuticals, Inc. ("Verrica") (together with the Individual Defendants, "Defendants" and, together with Plaintiffs, the "Parties"), by and through their counsel of record. In support of this stipulation ("Stipulation"), the Parties state as follows:

**WHEREAS**, on October 21, 2024, Plaintiff Cohen filed a complaint in the action captioned *Cohen v. Manning, et al.*, Case No. 2:24-cv-05561 (the "*Cohen* Action") asserting claims derivatively on behalf of Verrica against the Individual Defendants;

**WHEREAS**, a related putative securities class action, captioned *Gorlamari v. Verrica Pharmaceuticals, Inc., et al.*, No. 2:22-cv-02226-KNS (E.D. Pa.) (the "Securities Class Action"), is currently pending in this Court against Verrica and Defendant White;

**WHEREAS**, on December 16, 2024, per a Joint Stipulation to Stay Action, the Court entered an order (*Cohen* Action, ECF No. 6) staying the *Cohen* Action pending (i) public disclosure that a settlement or settlement-in-principle has been reached in the Securities Class

1

Action; or (ii) a party's thirty (30) days' written notice that it no longer consents to the stay (the "*Cohen* Stay Order");

WHEREAS, on May 21, 2025, Plaintiff Cannon filed a complaint in the action captioned *Cannon v. White, et al.*, Case No. 2:25-cv-02619 (the "*Cannon* Action"), asserting claims derivatively on behalf of Verrica against the Individual Defendants;

WHEREAS, on July 21, 2025, pursuant to a Stipulation by the Parties, the Court entered an Order: (i) temporarily lifting the stay in the *Cohen* Action; (ii) consolidating the *Cohen* Action and *Cannon* Action into *In re Verrica Pharmaceuticals Inc. Shareholder Derivative Litigation*, Case No. 2:24-cv-05561-MSG (the "Consolidated Action"); (iii) appointing Co-Lead Counsel for Plaintiffs in the Consolidated Action; and (iv) applying the *Cohen* Stay Order to the Consolidated Action and setting forth additional provisions governing the stay of the Consolidated Action (the "Consolidated Action Stay Order") (Consolidated Action, ECF No. 8);

WHEREAS, on June 3, 2026, per a joint motion by the parties in the Securities Class Action, the Court entered an order staying all proceedings in the Securities Class Action until July 10, 2026, pending mediation (Securities Class Action, ECF Nos. 90, 91);

WHEREAS, on July 10, 2026, the parties in the Securities Class Action filed a Notice of Settlement-in-Principle and Joint Motion to Continue Stay of Proceedings, disclosing that they had reached an agreement-in-principle to settle the Securities Class Action and seeking to continue the stay of the Securities Class Action to finalize and file settlement papers (*id.*, ECF No. 92);

WHEREAS, on July 20, 2026, the Court entered an order continuing the stay of the Securities Class Action and setting September 21, 2026, as the deadline for the lead plaintiff to file a motion for preliminary approval of the proposed settlement (*id.*, ECF No. 94);

2

**WHEREAS**, pursuant to the Consolidated Action Stay Order, (i) the stay of the Consolidated Action terminated on July 10, 2026, upon the disclosure of the settlement-in-principle of the Securities Class Action (*see Cohen* Stay Order ¶ 8; Consolidated Action Stay Order ¶ 11); and (ii) the parties have 30 days from the termination of the stay, or until August 10, 2026, to meet and confer and submit a proposed scheduling order governing further proceedings in the Action (*see Cohen* Stay Order ¶ 9; Consolidated Action Stay Order ¶ 11);

**WHEREAS**, the Parties have met and conferred and agree that, to promote the efficient and orderly administration of justice, the stay of the Consolidated Action should be renewed and continued pending conclusion of the settlement approval process in the Securities Class Action, on the terms set forth below;

**WHEREAS**, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, arguments, or defenses;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

1.      The Consolidated Action shall be stayed until the earlier of: (i) the conclusion of the settlement approval process in the Securities Class Action (which for purposes of this Order shall occur upon the entry of a final judgment approving the proposed settlement and dismissing the Securities Class Action, the withdrawal or abandonment of the proposed settlement, or the entry of an order terminating the settlement approval proceedings without approval of the proposed settlement); or (ii) any of the Parties provides the other Party thirty (30) days' written notice that they no longer consent to the stay.

2.      Except as expressly modified by this Order, the terms of the Consolidated Action Stay Order (ECF No. 8) shall continue to apply to the Consolidated Action.

3.      Within thirty (30) days following the lifting or termination of the stay, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Action. Until the Court rules on the Parties' proposed schedule or otherwise enters an order setting a schedule for further proceedings, Defendants shall remain under no obligation to answer, move against, plead, or otherwise respond to the operative complaint in the Consolidated Action.

4.      The Parties agree and acknowledge that they expressly reserve all jurisdictional challenges, arguments, defenses, and claims not yet asserted, including, but not limited to, *forum non conveniens*, improper venue, and any other procedural or substantive rights, challenges, arguments, defenses, and claims to the Consolidated Derivative Action.

**SO STIPULATED AND AGREED** by and between the Parties through their undersigned counsel this 5th day of August, 2026.

| | |
|---|---|
| **GRABAR LAW OFFICE** | **LOWEY DANNENBERG, P.C.** |
| */s/ Joshua H. Grabar* | */s/ Anthony Christina* |
| Joshua H. Grabar | Anthony Christina |
| One Liberty Place | One Tower Bridge |
| 1650 Market Street, Suite 3600 | 100 Front Street, Suite 520 |
| Philadelphia, PA, 19103 | West Conshohocken, PA 19428 |
| Telephone: (267) 507-6085 | Telephone: (215) 399-4770 |
| Email: jgrabar@grabarlaw.com | Email: achristina@lowey.com |
| *Counsel for Plaintiff Cohen and Liaison Counsel* | *Counsel for Plaintiff Cannon and Liaison Counsel* |
| **RIGRODSKY LAW, P.A.** | **SCHUBERT JONCKHEER & KOLBE LLP** |
| Seth D. Rigrodsky | |
| Vincent A. Licata | Robert C. Schubert |
| 225 Broadway, Suite 3707 | Willem F. Jonckheer |
| New York, NY 10007 | Dustin L. Schubert |
| Telephone: (212) 201-7690 | 2001 Union St., Suite 200 |
| Email: sdr@rl-legal.com | San Francisco, CA 94123 |

Email: vl@rl-legal.com

**Co-Lead Counsel for Plaintiffs**

Telephone: (415) 788-4220
Email: rschubert@sjk.law
Email: wjonckheer@sjk.law
Email: dschubert@sjk.law

**Co-Lead Counsel for Plaintiffs**

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Michael L. Kichline*
Michael L. Kichline
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
michael.kichline@morganlewis.com

**BAKER & HOSTETLER LLP**

Aric H. Wu
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 220-9175
Email: awu@bakerlaw.com

**Counsel for Defendants**

**IT IS SO ORDERED.**

_____
Hon. Kai N. Scott
U.S. District Judge

5